JS-6

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG 26 2014

CENTRAL DISTRICT OF CALIFORNIA
BY               DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| WONG FAMILY TRUST et al., | Case No. SA CV 14-01324 UA (DUTYx) |
| Plaintiff, | ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |
| v. | |
| NAPOLEON PINO et al., | |
| Defendants. | |

    The Court summarily remands this unlawful detainer action to state court because Defendant Napoleon Pino removed it improperly.

    On August 19, 2014, Defendant, having been sued in what appears to be a routine unlawful detainer and lease dispute in Orange County Superior Court, lodged a Notice of Removal of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

    Simply stated, Plaintiff could not have brought this action in federal court in the first place, and Defendant does not competently allege facts supplying either diversity or federal-

question jurisdiction. Therefore, removal is improper. See 28 U.S.C. § 1441(a); see also Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546, 563 (2005). Even if complete diversity of citizenship exists, the amount in controversy does not exceed the diversity-jurisdiction threshold of $75,000. See 28 U.S.C. § 1332, 1441(a). On the contrary, the documents lodged from the underlying unlawful detainer action indicate that the amount in controversy does not exceed $10,000. See Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006) ("[T]he propriety of removal is determined solely on the basis of the pleadings filed in state court."). Nor does Plaintiff's unlawful detainer action raise any federal legal question. See 28 U.S.C. §§ 1331, 1441(a). Defendant's removing papers invoke the Protecting Tenants at Foreclosure Act and 12 U.S.C. § 5220. Invoking this federal statute, however, is not a sufficient basis for removal. A federal defense does not support federal-question jurisdiction. Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005).

Defendant is further notified and warned that any subsequent attempts to remove the underlying state unlawful detainer/lease dispute action to this Court will be improper and may result in the Court taking punitive remedial measures, which may include ordering Defendant to appear in person before the Court and show cause why he should not be monetarily sanctioned and/or designated as a vexatious litigant.

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, County of Orange, Harbor Justice Center, 4601 Jamboree Road, Newport Beach, CA 92660, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

Dated: 8/25/14

HONORABLE GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE

2